UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SANDRA FOSTER AS CONSERVATOR
AND NEXT OF KIN OF AVERY T. HADELY,

Plaintiff,

CIV. NO **CIV 10-01075 WJ/ACT**

GROUP 1:
BERNALILLO COUNTY BOARD OF COMMISSIONERS
being ALAN ARMIJO, in his official capacity, ART DE LA
CRUZ, in his official capacity, MAGGIE HART, in her official
capacity, MICHAEL C. WIENER, in his official capacity,
MICHAEL BRASHER, in his official capacity,
GROUP 2:
THADEUS LUCERO, in his official and individual capacity JOHN DANTIS, in his
former official and individual capacity,
GROUP 3:
RON TORRES in his official capacity as the Director of the METROPOLITAN
DENTENTION CENTER, and in his individual capacity, MIKE SISNEROS, in his
official and individual capacity, TOMMY TRUJILLO in his official and individual
capacity, GLORIA BROADNAX, in his official and individual capacity,  MARY
JACKSON, in her official and individual capacities, OFFICER ANDRES VERDUGO in
his official and individual capacities OFFICER ROSLYN JUANICO, in her official and
individual capacities, OFFICER JUAN RAMIEREZ, in his official and individual
capacity, MDC EMPLOYEES JOHN AND/OR JANE DOES 1-5, in their official and
individual capacities,
GROUP 4:
CORRECTIONAL MEDICAL SERVICES, INC., CMS JOHN AND/OR
JANE DOES 1-5 in their official and individual capacities,
GROUP 5:
MDC INMATES JESUS CORDOVA, KEOLA KAULA, AND JOHN DOES 1-5.

Defendants.

## AMENDED COMPLAINT FOR DAMAGES UNDER §42 USC 1983 AND OTHER STATUTES

Introduction

Avery T. Hadley is a forty-nine year old male who at the time of his injuries

which is the subject of this complaint was an inmate at the Bernalillo County

Metropolitan Detention Center ("MDC"). Mr. Hadley was serving approximately twelve (12) months on a parole violation. Mr. Hadley was a classified as an inmate who required segregation-protection from the general population, and in particular, it was known that MDC Inmate, Jesus Cordova and others, had a "beef" or a problem with Mr. Hadley.

Avery T. Hadley [hereinafter referred to as "Hadley"] hereby asserts the following claims against the defendants as follows:

Jurisdiction

1.      Jurisdiction of this court arises under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968.

2.      Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction.

Parties:

3.      Plaintiff, Avery T. Hadley ("Hadley") is a individual residing Bernalillo County New Mexico, United States of America and is a resident of New Mexico during all relevant times of this action,

4.      Upon information and belief, Defendant, County of Bernalillo is a political subdivision within New Mexico, and all of its Board of County Commissioners, to wit: Alan Armijo, Art De La Cruz, Maggie Hart, Michael C. Wiener, Michael Brasher are residents of the County of Bernalillo, New Mexico.

5.      Upon information and belief, Thaddeus Lucero ("Lucero"), is a person, residing within the County of Bernalillo who at all times relevant to this Complaint was acting in his official capacity is the County Manager for Bernalillo County, New Mexico.

6.     Upon information and belief, John Dantis ('Dantis"), is a person residing within the County of Bernalillo who at all times relevant to this Complaint was acting in his official capacity is the Assistant County Manager for Bernalillo County, New Mexico.

7.     Upon information and belief, Defendant Ron Torres ("Torres"), is a resident of Bernalillo County, New Mexico who at all times relevant to this complaint was acting in his official capacity is the Director of the Metropolitan Detention Center ("MDC").

8.     Upon information and belief, Defendants Renetta Torres, Mike Sisneros Henry Perea, Tommy Trujillo, Gloria Broadnax, and Mary Jackson are residents of Bernalillo County, New Mexico. As a group, these persons are or were administrators at the Director of the Metropolitan Detention Center ("MDC") acting within their official capacities at all times relevant to the complaint.

9.     Upon information and belief, Defendants MDC John or Jane Does 1-20 are residents of Bernalillo County, New Mexico who are or were administrators at the Metropolitan Detention Center ("MDC") acting within their official capacities at all times relevant to the complaint.

10.     Upon information and belief, Defendant Corrections Officer Juan Ramierez ("Ramierez"), is a resident of Bernalillo County, New Mexico, acting in his official capacity is Corrections Officer of the Metropolitan Detention Center ("MDC") at all times relevant to the complaint.

11.     Upon information and belief, Defendant Corrections Officer Roslyn Juanico ("Juanico"), is a resident of Bernalillo County, New Mexico, acting in her

3

official capacity is Corrections Officer of the Metropolitan Detention Center ("MDC") at all times relevant to the complaint.

12.   Upon information and belief, Defendant, Jesus Cordova, who is or was a resident of Bernalillo County, New Mexico on or about March 12, 2009, and was an inmate at MDC at all times relevant to the complaint.

13.   Upon information and belief, Defendant, Keola Kaula, who is or was a resident of Bernalillo County, New Mexico on or about March 12, 2009, and was an inmate at MDC at all times relevant to the complaint.

14.   Upon information and belief, Defendant, Correctional Medical Services, Inc. ("CMS") is a foreign corporation. CMS provides medical and psychological services to MDC inmates.

15.   Upon information and belief, Defendant MDC John or Jane Does 1-20 and others not presently known to the Plaintiff were, at all times material to this Complaint, duly appointed Correction Officers of unknown rank and/ or supervisors of inmates.

16.   Upon information and belief, Defendant CMS John or Jane Does 1-20 and others not presently known to the Plaintiff were, at all times material to this Complaint, duly appointed or authorized employees of unknown status and in charge of providing services to inmates.

17.   Upon information and belief, Defendant John Does 1-20 and others not presently known to the plaintiff were, at all times material to this Complaint, inmates of MDC.

18.   At all times material to this Complaint, Defendants Commissioners, all inclusive, Lucero, Dantis, Torres, Ramierez and Torres COs and medical staff acted

4

toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of New Mexico, County of Bernalillo.

 Facts:

19.    On or about November, 2008, Corrections Officer (CO) Gutierrez "popped the doors" or released unknown inmates for the purposes of having Avery Hadley assaulted and battered.

20.    As a result of the CO's actions, Avery Hadley was severely beaten and sent to the infirmary at MDC for medical treatment and continued incarceration.

21.    Avery Hadley spent several weeks/days in the infirmary as a result of his injuries.

22.    On or about or about March 12, 2009, CO Juanico "popped the door" or released inmates for the purposes of harming Avery Hadley who was then assaulted and battered.

23.    Avery Hadley was beaten severely, almost to death, was hospitalized, and was in a coma for weeks.

24.    Avery Hadley has permanent injuries as a result of the beating.

25.    Bernalillo County, its Commissioners, i.e. agents and employees and all other defendants are responsible for damages caused to Avery Hadley and his family.

26.    The actions of all Defendants or the failure of the Defendants to act individually and in concert with the other Defendants took place as Defendants were acting under color of law, whether federal, state or local, and subjected Hadley to the depredation of the rights, privileges, and immunities guaranteed to him by the United

States Constitution, the Constitution and the laws of the State of New Mexico and other federal, state and local laws.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT THE BEATING OF AVERY HADLEY

27.     Plaintiff re-alleges the allegations put forth in paragraphs 1-26 as though made here.

28.     Defendants owed Avery Hadley a duty to provide a safe environment free from harm and free from depravation of his civil rights.

29.     Defendants have failed or refused to on one or more occasions to provide a safe environment for Avery Hadley.

30.     Defendants acts have been intentional or have been so grossly negligent and with utter disregard for the safety and civil rights of Avery Hadley.

31.     As a direct and proximate result of Defendants' acts or failures to act, Avery Hadley was severely beaten, has serious permanent medical disabilities, various medical problems, medical costs and expenses, and will continue to have these expenses and problems in the future.

32.     As a result of Defendants' acts or failures to act, Avery Hadley was severely beaten, has endured paid and suffering, and will continue to have pain and suffering in the future.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO TRAIN AND INSTRUCT CORRECTIONS OFFICERS AND OTHER PERSONNEL

33.    Plaintiff re-alleges the allegations put forth in paragraphs 1-32 as though made here.

34.    All Defendants owe a duty to Avery Hadley and all inmates to train and instruct its Administrators, Correction Officers and miscellaneous personnel in matters affecting the safety of the inmates.

35.    All Defendants have failed and refused to train their administrators, correctional officers and other employees properly.

36.    All Defendants acts have been intentional or have been so grossly negligent and with utter disregard for the safety of Avery Hadley.

37.    As a result of Defendants' acts or failures to act Avery Hadley was severely beaten, has serious medical problems and expenses, and will continue to have these expenses and problems in the future.

38.    As a result of Defendants' acts or failure to act, Avery Hadley was severely beaten, has endured pain and suffering, and will continue to have treatment for injuries, pain and suffering in the future.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO SUPERVISE CORRECTIONS OFFICERS

39.    Plaintiff re-alleges the allegations put forth in paragraphs 1-38 as though made here.

40.    All Defendants owed a duty to Avery Hadley and all inmates to train, supervise and instruct its Administrators, Correction Officers, employees and miscellaneous personnel in matters affecting inmates for the safety of the inmates.

7

41. All Defendants have failed and refused to train their administrators, correctional officers and other employees properly.

42. All Defendants acted intentionally or were so grossly negligent and with utter disregard for the safety of Avery Hadley thereby causing or allowing injury to Plaintiff.

43. As a result of Group 1, Group 2 and Group 3 Defendants' acts Avery Hadley was severely beaten, has serious medical problems and expenses, and will continue to have these expenses and problems in the future.

44. As a result of Defendants' acts or failures to act, Avery Hadley was severely beaten, suffered permanent injury and disfigurement, has endured pain and suffering, and will continue to have pain and suffering in the future.

## COUNT 4: VIOLATIONS OF 42 U.S.C. 1983: LOSS OF CONSORTIUM

45. Plaintiff re-alleges the allegations put forth in paragraphs 1-44 as though made here.

46. Plaintiff and Avery Hadley's brothers, sisters, nieces and nephews have been deprived of a meaningful relationship with Avery Hadley.

47. Avery Hadley's father is recently deceased and since the harm to Avery Hadley and the resulting injuries, Avery Hadley and his father were unable to have a meaningful relationship prior to his death.

48. Avery Hadley is an identical twin and has been unable to have a meaningful relationship with his identical twin brother.

49.     But for the acts of all Defendants, Plaintiff, Avery Hadley's family members and deceased father Carl Hadley would have an opportunity to have meaningful relationships with Avery Hadley.

50.     All Defendants acts have been intentional or have been so grossly negligent and with utter disregard for the safety of Avery Hadley.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY TO COMMIT GREAT BODILY HARM OR DEATH IN NOVEMBER 2008

51.     Plaintiff re-alleges the allegations put forth in paragraphs 1-50 as though made here.

52.     All Defendants, including Ramirez, Juanico and others were in a position of authority over Avery Hadley.

53.     All Defendants but particularly Ramierez and Juanico wanted and intended to put Avery Hadley in his place and teach him a lesson(s).

54.     On or about November 2008, Defendants Ramierez and Juanico and others popped the locks in Plaintiff's cell or allowed inmates known to have bad intentions to allow said inmates to have access to Hadley in order to cause harm and injury to Avery Hadley's detriment.

## COUNT 6: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY TO COMMIT GREAT BODILY HARM OR DEATH IN MARCH 2009

55.     Plaintiff re-alleges the allegations put forth in paragraphs 1-54 as though made here.

56.     Defendants, Verdugo, Ramierez and Juanico and others in Group 3 were in a position of authority over Avery Hadley.

9

57.     Defendants Juanico and Verdugo wanted and intended to put Avery Hadley in his place and teach him a lesson(s).

58.     On or about March 2009, Defendant Juanico and others popped the locks in his cell or allowed inmates known to have bad intentions out in greater numbers and to Avery Hadley's detriment.

## COUNT 7: VIOLATION OF NEW MEXICO HUMANT RIGHTS ACT, §28-1-1 ET SEQ.

59.     Plaintiff re-alleges the allegations put forth in paragraphs 1-58 as though made here.

60.     Group 1-4 Defendants have improperly, negligently and intentionally classified Avery Hadley is such a manner as affects his medical treatment, medical attention, his living conditions, services provided by MDC and because of his race, skin color, physical and/ or mental handicap.

61.     Group 1-4 Defendants have willfully failed and refused to or obstructed and prevented others from providing Avery Hadley reasonable and safe services, facilities and accommodations because of his race, skin color, physical and/ or mental handicap.

62.     Avery Hadley has been harmed as a result of said treatment.

63.     The foregoing treatment or lack of treatment and provisions has been willful and intentional.

## COUNT 8: ASSAULT

64.     Plaintiff re-alleges the allegations put forth in paragraphs 1-63 as though made here.

65.     Cordova, Kuala and other Group 5 Defendants threatened to do harm to Avery Hadley by beating him or worse. He/they intended to harm Avery Hadley and he/they acted in an anger and insolent manner.

66.     Cordova, Kuala and other Group 5 Defendants conduct caused Avery Hadley to be concerned for his safety.

67.     A reasonable person would believe Avery Hadley was in imminent danger of being harmed.

68.     Cordova, Kuala and other Group 5 Defendants intended to harm Avery Hadley.

## COUNT 9: BATTERY

69.     Plaintiff re-alleges the allegations put forth in paragraphs 1-68 as though made here.

70.     Cordova, Kuala and other Group 5 Defendants harm Avery Hadley by beating him.

71.     Cordova, Kuala and other Group 5 Defendants intended to harm Avery Hadley.

72.     Cordova, Kuala and other Group 5 Defendants did cause great bodily harm to Avery Hadley.

## COUNT 10: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO TREAT OF AVERY HADLEY

73.     Plaintiff re-alleges the allegations put forth in paragraphs 1-72 as though made here.

74. Group 4 Defendants owed Avery Hadley a duty to provide medical treatment, a safe environment free from harm and in depravation of his civil rights.

75. Group 4 Defendants have failed or refused on one or more occasions to provide reasonable medical treatment or a safe environment for Avery Hadley.

76. Group 4 Defendants acts have been intentional or have been so grossly negligent and with utter disregard for the well being and safety of Avery Hadley.

77. As a result of Group 4 Defendants' acts Avery Hadley was severely beaten, has serious medical problems and costs, and will continue to have these costs and problems in the future.

78. As a result of Defendants' acts Avery Hadley was severely beaten, has endured paid and suffering, and will continue to have pain and suffering in the future.


## COUNT 11: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO TRAIN AND INSTRUCT STAFF AND OTHER PERSONNEL

79. Plaintiff re-alleges the allegations put forth in paragraphs 1-78 as though made here.

80. Group 4 Defendants owe a duty to Avery Hadley and all MDC inmates to train and instruct its administrators, medical staff and other medical personnel in matters affecting inmates for the wellness and safety of the inmates.

81. Group 4 Defendants have failed and refused to train their administrators, medical staff and other employees properly.

82. Group 4 Defendants acts have been intentional or have been so grossly negligent and with utter disregard for the wellness and safety of Avery Hadley.

83.    As a result of Group 4 Defendants' acts Avery Hadley was not given proper medical treatment and severely beaten, has serious medical problems and costs, and will continue to have these costs and problems in the future.

84.    As a result of Group 4 Defendants' acts Avery Hadley was severely beaten, has endured pain and suffering, and will continue to have pain and suffering in the future.

## COUNT 12: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO SUPERVISE MEDICAL STAFF

85.    Plaintiff re-alleges the allegations put forth in paragraphs 1-84 as though made here.

86.    Group 4 Defendants owed a duty to Avery Hadley and all its inmates to train and instruct its Administrators, medical staff and other personnel in matters affecting the wellness and safety of the inmates. Further, Group 4 Defendants had a duty to supervise their medical staff.

87.    Group 4 Defendants have failed and refused to train their administrators, medical staff and other employees properly and to supervise in a manner consistent as to protect the wellness and safety of the inmates.

88.    Group 4 Defendants acts have been intentional or have been so grossly negligent and with utter disregard for the wellness and safety of Avery Hadley.

89.    Group 4 Defendants' acts Avery Hadley was severely beaten, has serious medical problems and costs, and will continue to have these cost and problems in the future.

13

90.    As a result of Group 4 Defendants' acts Avery Hadley was not given proper medical treatment and was severely beaten, has endured pain and suffering, and will continue to have pain and suffering in the future.

## COUNT 10: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91.    Plaintiff re-alleges the allegations put forth in paragraphs 1-90 as though made here.

92.    All Defendants conduct was extreme and outrageous under the circumstances.

93.    All Defendants have acted intentionally or recklessly.

94.    As a result of all Defendants' conduct Hadley and his immediate family have suffered severe emotional distress.

## COUNT 11: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

95.    Plaintiff re-alleges the allegations put forth in paragraphs 1-94 as though made here.

96.    All Defendants conduct was extreme and outrageous under the circumstances.

97.    All Defendants have acted in a grossly negligent manner and with utter disregard for the well being and safety of Avery Hadley and his family.

98.    As a result of all Defendants' conduct Avery T. Hadley and his family have suffered severe emotional distress.

## COUNT 12: PRIMA FACIE TORT

99.   Plaintiff re-alleges the allegations put forth in paragraphs 1-98 as though made herein.

100.   Defendants intentionally failed to act in the manner they had a duty to act.

101.   Defendants intended their failure to act would cause harm to Avery Hadley and his family.

102.   Defendant's failure to act was the cause of Avery Hadley's injuries and those to his family.

103.   Defendant's acts were not justifiable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages, pain and suffering, future pain and suffering, loss of earnings, earning capacity and future earnings, loss of consortium,  in an amount proven at trial and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in an amount proven at trial, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully submitted,

JOSHUA R. SIMMS, P.C.

Joshua R. Simms, PC
PO Box 50332
Albuquerque, New Mexico 87181
505-266-2209
505-256-5136