IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA FOSTER, as Conservator and
Next of Kin of AVERY T. HADELY,

     Plaintiff,

v.                                          Civ. No. 10-1075 WJ/ACT

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, *et al.*,

     Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Protective Order [Doc. 67].  The Defendants have filed their Responses [Doc. 75, 79, and 81] and Plaintiff has submitted her Reply [Doc. 84].  For the reasons set forth below, the Motion for Protective Order is denied.

Plaintiff alleges in her Amended Complaint, that Avery Hadely was severely beaten by various defendants and she claims damages for, *inter alia*, medical costs, pain and suffering, loss of earnings and loss of earning capacity.  *See* Doc. 41.

Defendants wish to take the deposition of Avery T. Hadely.  Plaintiff opposes the deposition based on the testimony of William K. Summers, M.D., the expert for Plaintiff.  Dr. Summers, when asked in deposition what he thought about deposing Mr. Hadely, stated, "I think it would make him extremely anxious.  I don't think it would be good for his mental state, to be honest with you.  I would recommend against it if you can get what you need around it.  I don't think it would be good for him."  *See* Doc. 67 at p. 4 (Deposition of William K. Summers, M.D. 72:9-13).

When Defendants served Plaintiff with discovery requests, she could not explain the facts that gave rise to her claims.  *See* County Defendants' Response to Motion for Protective Order [Doc.

75] and Exhibits A & B thereto.  Plaintiff has not shown that the information being sought from Mr.

Hadley is available from any other source.

Defendants have retained an expert, Brian M. Shelley, M.D., who performed an Independent

Medical Examination (IME) on Mr. Hadley.  *See Id*. at Exhibit C, ¶ 7.  Dr. Shelley states that during

his three-hour IME, Mr. Hadley was "able to communicate his needs to me clearly, and . . . [he]

never indicated any distress either in body language or verbally.  *Id*. at ¶ 13.  Dr. Shelley concludes:

> Based on my direct experience with Mr. Hadley, it is reasonable to
> conclude that he would probably not suffer harm from being deposed.
> In fact, Mr. Hadley's lack of memory and insight probably protect
> him from experiencing vivid recollections of traumatic events.
> . . .
> This is not to say that Mr. Hadley might not become distressed during
> the deposition, or find it unpleasant in some way.  But even if Mr.
> Hadley became distressed  during his deposition, he would not
> experience any lasting physical or psychological harm.

*Id*. at ¶¶ 14-15.

"A protective order may issue only upon a showing of good cause 'to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Flye v.*

*Elizabeth School District C-1*, 2008 WL 4457844, *1 (D. Colo. 2008) (unpublished decision)

(quoting Fed.R.Civ.P. 26©).  "'[T]he party seeking a protective order must show that disclosure will

result in a clearly defined and serious injury to that moving party.'"  *Id*. (quoting *Klesch & Co., Ltd.*

*v. Liberty Media Corp*., 217 F.R.D. 517, 524 (D. Colo. 2003).  Plaintiff has failed to demonstrate

"good cause" or the need for a protective order.

The only evidence before the Court is Dr. Summers' belief that Mr. Hadley will become

"extremely anxious" if he's deposed and that it would not be "good for his mental state."  Dr.

Summers did not indicate in his testimony that Mr. Hadley would sustain any long lasting or

permanent harm by being deposed.   It is not unusual for a deponent to become anxious or even

"extremely anxious" during a deposition.   Likewise, most deponents find depositions to be "stressful."   Dr. Shelley is of the opinion that even if Mr. Hadley became distressed during his deposition, "he would not experience any lasting physical or psychological harm."

The decision to issue a protective order is left to the discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).   The Court has carefully considered the material submitted, including the physicians' sworn testimony.  The Court declines to issue the protective order because the record submitted does not establish good cause for doing so, or indicate that Mr. Hadley will suffer  a "clearly defined and serious injury" from being deposed.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Protective Order [Doc. 67] is denied.

_____
Hon. Alan C. Torgerson
United States Magistrate Judge