IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA FOSTER AS CONSERVATOR
AND NEXT OF KIN OF AVERY T. HADLEY,

      Plaintiff,

    v.                                                                                                        CIV 10-01075 WJ/ACT

**GROUP 1:**
BERNALILLO COUNTY BOARD OF
COMMISSIONERS being  ALAN ARMIJO,
in his official capacity,  ART DE LA CRUZ,
in his official capacity, MAGGIE HART,
in her official capacity,  MICHAEL C. WEINER,
in his official capacity, MICHAEL BRASHER,
in his official capacity,

**GROUP 2**:
THADDEUS LUCERO, in his official
and individual capacity, JOHN DANTIS, in his
former official and individual capacity,

**GROUP 3**:
RON TORRES in his official capacity as the Director
 of the METROPOLITAN DETENTION CENTER,
and his individual capacity, MIKE SISNEROS, in his
official and individual capacity, TOMMY TRUJILLO,
in his official and individual capacity,
GLORIA BROADNAX, in his official and individual capacity,
MARY JACKSON, in her official and individual
capacities OFFICER ANDRES VERDUGO in his official
and individual capacities OFFICER ROSLYN JUANICO,
in her official and individual capacities,
OFFICER JUAN RAMIEREZ, in his official and individual capacity,
MDC EMPLOYEES JOHN AND/OR JANE DOES 1-5,
in their official and individual capacities,

**GROUP 4**:
CORRECTIONAL MEDICAL SERVICES, INC.,
CMS JOHN AND/OR JANE DOES 1-5
in their official and individual capacities,

**GROUP 5**:
MDC INMATES JESUS CORDOVA, KEOLA KAULA,
AND JOHN DOES 1-5,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS REGARDING BIFURCATION OF MUNICIPAL LIABILITY CLAIMS, and DENYING THE MOTION WITH REGARD TO PLAINTIFFS' PRIMARY CLAIMS

THIS MATTER comes before the Court upon a Motion to Bifurcate (Trifurcate), filed by the County Defendants on November 21, 2011 (**Doc. 74**).[1] Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and granted with regard to bifurcation of Plaintiffs' municipal liability claim, but denied with regard to Defendants' request for bifurcation of Plaintiffs' primary claims against the individual Defendants.

### Background

Avery Hadley ("Hadley") is a forty-nine year old male who was allegedly severly beaten by other inmates when he was an inmate at the Bernalillo County Metropolitan Detention Center ("MDC"). As a result of the beating, Hadely was hospitalized and in a coma for weeks, and has permanent injuries as a result of the beating. This case is brought by Hadley's Conservator and Next of Kin, who alleges that Defendants refused or neglected to prevent Hadley's beating in November, 2008 and March 2009. These two instances of beatings involve different inmates and different individual Defendants. Plaintiff asserts various § 1983 claims and violations of state law by MDC employeees and corrections officers, as well as municipal liability claims

---

[1] The "County Defendants" are: the Bernalillo County Board of Commissioners, Alan Armijo, Art de la Cruz, Maggie Hart, Michael C. Weiner, Michael Brasher, Thaddeus Lucero, John Dantis, Ron Torres, Mike Sisneros, Tommy Trujillo, Gloria Broadnax, Mary Jackson, and Andres Verdugo.

against MDC.

## Discussion

Defendants move to trifurcate this case: that is, they seek separate trials for the November 2008 and March 2009 incidents, and also for the municipal liability claim.

**I.      Legal Standard**

Rule 42 states, in pertinent part, the following:

> (b) Separate Trials. The court, in furtherance of convenience *or* to avoid prejudice, *or* when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or issue . . . .

Fed. R. Civ. P. 42(b) (italics added).

"Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Numerous courts have held that when a separate or limited trial can dispose of relevant issues, diminish confusion, or prevent unnecessary discovery, bifurcation is preferred. *See e.g., Lisa v. Fournier Marine Corp.*, 866 F.2d 530, 531 (1st Cir. 1989), *cert denied*, 493 U.S. 819 (1989) (bifurcating trial avoids "needlessly confusing the jury with multiple, and mutually exclusive, theories of liability."); *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo. on Nov. 15, 1987*, 720 F. Supp. 1455, 1459 (D. Colo. 1988) (bifurcation appropriate because issues are substantially separate and distinct and bifurcation reduces burden of preparing for trial on issues unnecessarily); *Jones v. City of Chicago*, 1999 WL 160228 (N.D. Ill. 1999) (bifurcating claims against individual officers from claims against city based on principles of economy, convenience and expediency).

Defendants seek trifurcation: bifurcation of the two primary claims (the November 2008 and March 2009 incidents), and bifurcation of those primary claims from the municipal liability

claims.

I.      **Whether to Bifurcate November 2008 and March 2009 Incidents**

Defendants contend that Plaintiff's two primary claims are quite different, requiring proof of different facts and calling for different witnesses. Defendants' concern is that because each incident addresses the liability of different corrections officers, there is a danger that evidence underlying one claim will contaminate the other.

The Court finds that Defendants have not satisfied their burden of establishing that bifurcation of the two primary claims meets the objectives of Rule 42(b). *See, e.g.*, *Svege v. Mercedes-Benz Credit Corporation*, 329 F.Supp. 2d 283, 284 (D.Conn. 2004) (court not persuaded that defendants satisfied burden under Rule 42(b)). It is not particularly unusual for a case to involve more than one Defendant. Bifurcation will not necessarily be more convenient for the Court or for the parties, since many of the same witnesses will have to attend both trials if this case were bifurcated on separate incidents. Defendants do not offer any explanation as to why trying this case is any different from civil rights cases involving separate incidents and different defendants. As Plaintiffs point out, the two alleged incidents occurred close enough together—less than six months apart—to justify trying them together. Further, any potential prejudice to the individual defendants that might result from juror confusion regarding the two incidents can be prevented by clearly instructing the jury and limiting instructions, if necessary.

Defendants also argue that bifurcation is appropriate in order to secure a just, speedy and inexpensive determination. However, the Court finds bifurcation of the primary claims will have the opposite effect.  Several key witnesses will have to attend two (maybe three trials, counting a separate trial on the municipal liability claims). Because of the potential overlap in much of the testimony as well as witnesses regarding the primary claims, the Court denies the motion as

to bifurcating the primary claims.

## II. Municipal Liability Claims

Defendants' request for bifurcation of the municipal liability claims from the primary claims is another matter. Defendants contend that holding separate trials for Foster's primary claims and their municipal liability claims will advance Rule 42(b)'s standard of convenience, and on this issue, the Court agrees.

Depending on the outcome of the primary claims, there may be no need for further trial on the municipal liability claim, since a municipality cannot be held liable where there is no underlying constitutional violation by any of its officers.  *Apodaca v. Rio Arriba County Sheriff's Dept.*, 905 F.2d 1445, 1447 (10th Cir. 1990) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986));  *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Thus, if the individual Defendants defeat Foster's primary claims, a trial of the municipal liability claims against the County will be unnecessary.  This possibility is consistent with the objectives behind Rule 42(b) in furthering judicial economy.  The Court also agrees that without bifurcation of the municipal liability claims, the individual Defendants may be prejudiced, in that evidence coming in on the municipal liability claims will cause juror confusion.  Plaintiff's primary and municipal liability claims are very different, requiring proof of different facts, calling for different witnesses, and involving substantially different legal standards.  Further, because the evidence on municipal liability claims tend to be broader-based in that it reaches beyond the conduct of the individual Defendants, it is possible that this evidence could contaminate  the mind of the jury in its consideration of the liability of the individual Defendants on the primary claims. *See Brunson v. City of Dayton*, 163 F. Supp.2d 919, 924-25 (S.D. Ohio 2001) (noting that a jury must be allowed to consider the evidence regarding the incidents of the

underlying claims against individual defendants "unimpaired by the torrent of information concerning the conduct of police officers in other unrelated situations at other times"). Bifurcation of the municipal liability claims would simplify the issues, because evidence and testimony that is not admissible against officers may be admissible against the entity. Accordingly, I find that bifurcation of the primary claims from the municipal liability claims is appropriate under Rule 42(b).

## Conclusion

In sum, I find and conclude that bifurcation is not necessary or helpful with regard to Plaintiff's primary claims against the individual Defendants. However, the Court exercises its discretion under Rule 42(b) to grant Defendants' motion with regard to bifurcation of Plaintiffs' primary claims from the municipal liability claims.

**THEREFORE,**

**IT IS ORDERED** that the County Defendants' Motion to Bifurcate, filed by the County Defendants **(Doc. 74)** is hereby GRANTED IN PART and DENIED IN PART as described above.

_____
UNITED STATES DISTRICT JUDGE