**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SANDRA FOSTER AS CONSERVATOR
AND NEXT OF KIN OF AVERY T. HADELY,

      Plaintiff,

    v.                                                                                              CIV 10-01075 WJ/ACT

**GROUP 1:**
BERNALILLO COUNTY BOARD OF
COMMISSIONERS being  ALAN ARMIJO,
in his official capacity,  ART DE LA CRUZ,
in his official capacity, MAGGIE HART,
in her official capacity,  MICHAEL C. WEINER,
in his official capacity, MICHAEL BRASHER,
in his official capacity,

**GROUP 2**:
THADDEUS LUCERO, in his official
and individual capacity, JOHN DANTIS, in his
former official and individual capacity,

**GROUP 3**:
RON TORRES in his official capacity as the Director
 of the METROPOLITAN DETENTION CENTER,
and his individual capacity, MIKE SISNEROS, in his
official and individual capacity, TOMMY TRUJILLO,
in his official and individual capacity,
GLORIA BROADNAX, in his official and individual capacity,
MARY JACKSON, in her official and individual
capacities OFFICER ANDRES VERDUGO in his official
and individual capacities OFFICER ROSLYN JUANICO,
in her official and individual capacities,
OFFICER JUAN RAMIEREZ, in his official and individual capacity,
MDC EMPLOYEES JOHN AND/OR JANE DOES 1-5,
in their official and individual capacities,

**GROUP 4**:
CORRECTIONAL MEDICAL SERVICES, INC.,
CMS JOHN AND/OR JANE DOES 1-5
in their official and individual capacities,

**GROUP 5**:
MDC INMATES JESUS CORDOVA, KEOLA KAULA,
AND JOHN DOES 1-5,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT 7 UNDER THE NEW MEXICO HUMAN RIGHTS ACT
## and
## COUNTS "13-15" BROUGHT UNDER THE NEW MEXICO TORT CLAIMS ACT[1]

THIS MATTER comes before the Court upon the County Defendants' ("Defendants" for purposes of this motion) Motion to Dismiss No. I: Plaintiff's Claims Against County Under the New Mexico Tort Claims Act, filed December 23, 2011 (**Doc. 89**).[2] Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and will be granted.

## Background

---

[1] The motion is self-styled as a motion to dismiss directed at Plaintiff's claims brought under the New Mexico Tort Claims Act. However, in the motion, Defendants also seek dismissal of Plaintiff's Count 7, which asserts a claim under the New Mexico Human Rights Act, and which the Court also addresses here.

[2] The "County Defendants" are: the Bernalillo County Board of Commissioners, Alan Armijo, Art de la Cruz, Maggie Hart, Michael C. Weiner, Michael Brasher, Thaddeus Lucero, John Dantis, Ron Torres, Mike Sisneros, Tommy Trujillo, Gloria Broadnax, Mary Jackson, and Andres Verdugo.

The Court takes this opportunity to disapprove of the motions practice of County Defendants in splitting what should be one motion for summary judgment into multiple motions for partial summary judgment: Motion to Bifurcate (Doc. 74); Motion to Dismiss No. 1 Plaintiff's Claims under the Tort Claims Act (Doc. 89); (Motion to Dismiss No. 2 (Doc. 92); Motion for Partial Summary Judgment No. 1 (Doc. 93); Motion for Partial Summary Judgment No. II (Doc. 97) and Amended Motion to Dismiss No. III (Doc. 117). While this practice was probably employed to allow the attorney to forego the difficult task of succinct analysis (and perhaps to avoid the page limitations for briefing), this procedure is burdensome on the opposing party and on this Court. In the future, parties represented by individual defense counsel will be limited to one motion for partial or full summary judgment, rather than a separate motion for partial summary judgment for each claim Plaintiff has raised.

Avery Hadely ("Hadely") is a forty-nine year old male who was allegedly severely beaten by other inmates when he was an inmate at the Bernalillo County Metropolitan Detention Center ("MDC").  As a result of the beating, Hadely was hospitalized and in a coma for weeks, and has permanent injuries as a result of the beating.  This case is brought by Hadely's Conservator and Next of Kin, who alleges that Defendants refused or neglected to prevent Hadely's beating in November, 2008 and March 2009.  These two instances of beatings involve different inmates and different individual Defendants.  Plaintiff asserts various § 1983 claims and violations of state law by MDC employees and corrections officers, as well as municipal liability claims against MDC.

Defendants seek dismissal of Count 7 of the Amended Complaint (Doc. 41) which alleges a violation of the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, § 28-1-1 et seq., and three separate tort claim: a claim for intentional infliction of emotional distress ("Count 13") and, in the alternative, negligent infliction of emotional distress ("Count 14"), and a claim alleging a cause of action for *prima facie* tort ("Count 15").  The County Defendants seek to dismiss these claims under Rule 12(b)(6) because they fail to state a legally sufficient basis for relief.[3]

When a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974,167 L. Ed. 2d 929 (2007). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory

---

[3] The Amended Complaint contains two sets of Counts 10-13, with the first set asserting § 1983 claims, and the second referring to the three torts.  Thus, as Defendants suggest, the Court will refer to the three tort claims as Counts 13-15, representing what would be the correct numbering for these claims.

allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See id*. at 1965; *see also Ridge at Red Hawk, L.L.C. v. Schneider* 493 F.3d 1174, 1177 (10th Cir. 2007) (the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965.

**I.     NMHRA Claims**

Defendants offer two arguments for the dismissal of the NMHRA claims.  First, they contend that the plain language of the statute states that it is not intended to remedy the type of harm alleged in Count 7 of the Complaint, in that the discriminatory "classification" prohibited in employment, public accommodations and certain transactions does not include inmate classification.

The Court need not address this argument, since Defendants' second one is sufficient as a basis for dismissal of this claim.  Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party.  *Sonntag v. Shaw*, 130 N.M. 238, 242 (2001); *Kelley v. City of Albuquerque*, 375 F.Supp.2d 1183, 1210 (D.N.M. 2004) ("Before plaintiff can state valid claim against individual defendant under New Mexico Human Rights Act(NMHRA), plaintiff must first exhaust her administrative remedies; compliance with grievance procedures is prerequisite to seeking judicial review.").  Under New Mexico case law precedent, the exhaustion requirement has been held to be necessary as well as jurisdictional.  *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999) (full administrative exhaustion is a jurisdictional requirement under the NMHRA).

Plaintiff's only response on this issue is to note what she contends is permissive language in the statute which states that:

> [a] person claiming to be aggrieved by an unlawful discriminatory practice and a member of the commission who has reason to believe that discrimination has occurred **may file** with the human rights division of the labor department a written complaint that shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission.

N. M. S. A. 1978, § 28-1-10(A) (*emphasis added*). However, the remainder of the language in that section makes it clear that if a plaintiff decides to file a complaint with the human rights division, "[a]ll complaints **shall be filed** with the division within three hundred days after the alleged act was committed." *Id. (emphasis added)*. Further, Plaintiff's gloss on the statutory language cannot be considered when it is odds with established New Mexico case law.  Because Defendants' motion with regard to exhaustion of the NMHRA claims involves a jurisdictional question, dismissal is proper under Fed. R. Civ. P. 12(b)(1).  In light of the foregoing analysis, the Court grants Defendants' motion with regard to Plaintiff's NMHRA claims in Count 7 of the Amended Complaint.

II.     **New Mexico State Tort Claims**

The County Defendants argue that Plaintiff's state tort claims asserted against them are also subject to dismissal under Rule 12(b)(6) because governmental entities, as well as public employees acting within the scope of duty, are immune to suits for money damages unless immunity from those specific torts have been waived under the Tort Claims Act.

The specific provisions of the New Mexico Tort Claims Act ("Tort Claims Act") limit potential tort liability of a governmental entity and its employees. *See Pemberton v. Colorado*, 105 N. M. 476, 477, 734 P. 2d 254, 255 (Ct. App. 1987).  The Tort Claims Act provides

governmental entities and public employees with immunity from tort suits unless there is a specific waiver of that immunity set forth under the Act.  *See Weinstein v. City of Santa Fe*, 121 N. M. 646, 649, 916 P. 2d 1313, 1315 ( 1996).  The court must strictly construe any provision purporting to waive governmental immunity. *See Armijo v. Department of Health & Environment*, 108 N.M. 616, 618, 755 P. 2d 1333, 1335 (Ct. App. 1989).

 Defendants are correct that the Tort Claims Act does not include a waiver for these particular torts.  Plaintiff offers no legal or factual basis for being able to bring these claims outside of the Tort Claims Act.  Plaintiff does concede that the captions to Counts 13, 14 and 15 (the three torts of intentional infliction of emotional distress, negligent infliction of emotional distress, and prima facie tort) are "inartfully drawn."  Doc. 98 at 6.  However, she then launches into the basis for asserting federal and state constitutional claims, which have no bearing at all on the issue of immunity for the three state law torts.

 The only reference Plaintiff makes to a specific provision of the Tort Claims Act is § 41-4-12, which is the only waiver of sovereign immunity which allows suits for money damages that arise when a law enforcement officer commits certain intentional torts or violates a person's rights, privileges or immunities under federal or state constitutions or statutes.  However, none of the three torts asserted by Plaintiff appears within the enumerated nine discrete intentional torts that fall under the waiver of immunity in § 41-4-12.[4]  Thus, Plaintiff cannot state a legally viable cause of action against County Defendants based on the torts alleged in the Amended Complaint

---

[4] Section 41-4-12 waives immunity for the following injuries resulting from "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights" secured by the constitution.  The Court makes no finding here on whether Defendants as corrections officers would be considered "law enforcement officers" for purposes of the Tort Claims Act, because Defendants have not raised this issue.

described as intentional and/or negligent infliction of emotional distress or prima facie tort in Counts 13, 14 and 15.

### III.     Plaintiff's Request to Amend the Complaint

Plaintiff requests the right to further amend the complaint, contending that further discovery may reveal more information on the nature and extent of the underlying events in this case.  The request is denied at this time.  The Court will not issue an advisory opinion as to whether Plaintiff will be allowed to amend without having to first comply with the procedural requirements of Fed.RCiv.P. 15.   Further, to the extent that Plaintiff intends to resurrect any of the claims which the Court has dismissed here as a proposed amendment, such a motion to amend would be denied as futile.  *See Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2002)(To determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were a Rule 12(b)(6) motion.).

### Conclusion

In sum, I find and conclude that Plaintiff's claims brought under the NMHRA in Count 7 of the Amended Complaint are dismissed under Fed.R.Civ.P.12(1) for failure to exhaust the Act's administrative requirements.

I also find and conclude that Plaintiff cannot state a legally viable cause of action against County Defendants based on the torts alleged in the Amended Complaint described as intentional and/or negligent infliction of emotional distress or prima facie tort in Counts 13, 14 and 15 because such torts do not fall under a specific waiver of the Tort Claims Act.

Finally, I find and conclude that Plaintiff's request to amend is denied at this time.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss No. I: Plaintiff's Claims Against

County Under the New Mexico Tort Claims Act, is hereby GRANTED for reasons set forth above in that:

(1)  Count 7 of the Amended Complaint (Doc. 41) alleging a claim under the New Mexico Human Rights Act is DISMISSED under Rule 12(b)(1); and

(2) Counts "13-15 "of the Amended Complaint alleging torts of intentional and/or negligent infliction of emotional distress and prima facie tort are DISMISSED.

Finally, Plaintiff's request to amend the complaint is DENIED at this time.

_____
UNITED STATES DISTRICT JUDGE